**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HARJINDER SINGH, | No. 09-70595 |
| Petitioner, | Agency No. A079-443-564 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Harjinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility finding, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000), and we deny in part and dismiss in part the petition for review.

We lack jurisdiction to consider Singh's ineffective assistance of counsel and adjustment of status claims, as well as his related due process claim, because he did not exhaust these claims.[1] *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (the court lacks jurisdiction to review contentions not raised before the BIA). Similarly, we lack jurisdiction to review Singh's claims that the term "arrest" as used during the credible fear interview was ambiguous, that his waiver of the presence of counsel during the credible fear interview may have not been voluntary, and that he was prejudiced by the absence of counsel, because he did not exhaust these claims before the BIA. *See id.*

Substantial evidence supports the agency's adverse credibility determination because Singh's sworn testimony during the credible fear interview is materially inconsistent with his testimony before the IJ regarding whether he had been

---

[1] While this petition for review was pending before the court, Singh filed a motion to reopen with the BIA, which the BIA denied. Singh filed a petition for review, *Singh v. Holder*, No. 10-71511, seeking review of the BIA's denial of his motion to reopen, which we dismissed. We do not address in this petition for review issues that could have been raised in Case No. 10-71511.

arrested, *see Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004), and Singh's explanation for the inconsistency does not compel a contrary conclusion, *see Lata*, 204 F.3d at 1245. Singh's contention that the IJ did not provide him an adequate opportunity to explain the inconsistency is belied by the record. We decline to consider the documents Singh submitted on appeal because they are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc). In the absence of credible evidence, Singh has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, because Singh's CAT claim relies on the same statements the agency found not credible, and he does not point to any other evidence in the record that compels the finding it is more likely than not he would be tortured by or with the acquiescence of the government if returned to India, his CAT claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**